hearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).

UNITED STATES of America, Appellee

v.

Herbert F. YOUNG, Appellant.

No. 09–3103.

United States Court of Appeals, District of Columbia Circuit.

July 12, 2011.

Katherine Mary Kelly, Assistant U.S., Roy W. McLeese, III, Esquire, Assistant U.S., John K. Han, Ronald C. Machen, Jr., Esquire, U.S., John Perry Mannarino, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Warden (Butner Medium I), Butner, NC, for Appellant.

Herbert F. Young, Butner, NC, pro se.

BEFORE: TATEL, GARLAND, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs filed by the parties; and the motion to remove counsel, it is

**ORDERED AND ADJUDGED** that the district court's judgment filed September 18, 2009, be affirmed. The district court did not err in sentencing appellant to a consecutive 60–month sentence pursuant to 18 U.S.C. § 924(c). *See Abbott v. United States,* —— U.S. ——, ——, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010).

■ Appellant claims that his pretrial detention violated his First, Fifth, Sixth, Eighth, Ninth, and Fifteenth Amendment rights, but appellant has been convicted and his pretrial detention has now ended. Consequently, these issues have been rendered moot. *See Murphy v. Hunt,* 455 U.S. 478, 481–83, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *cf. Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Appellant's arguments that the district court improperly delayed in ruling on his habeas petition and that this court erred in refusing to grant his second mandamus petition also relate primarily to the legality of his pre-trial detention and are therefore moot. *See Murphy,* 455 U.S. at 481–83, 102 S.Ct. 1181.

■ Appellant has not shown that his rights under the Speedy Trial Act have been violated. The district court appropriately excluded time based on the complexity of the case, the number of defendants involved, the number of defendants with new counsel or for whom counsel still needed to be appointed, and the volume of evidence. *See* 18 U.S.C. § 3161(h)(8)(B)(ii) (2007) (now codified at 18 U.S.C. § 3161(h)(7)(B)(ii) (Oct. 13, 2008)). The district court also appropriately excluded the time during which appellant's interlocutory appeal and numerous pretrial motions were pending. *See* 18 U.S.C. § 3161(h)(1)(E), (F) (2007) (now codified at 18 U.S.C. § 3161(h)(1)(C), (D) (Oct. 13, 2008)).

■ Appellant's claim that the district court abused its discretion in managing standby counsel for appellant at his trial is without merit. The court explained to appellant and the jury that appellant was

representing himself, even though standby counsel was present to help with procedure and protocol. *See McKaskle v. Wiggins,* 465 U.S. 168, 184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (standby counsel may be appointed, even where defendant objects, "to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals").

■ The district court did not err in allowing Lonnell Glover to invoke his Fifth Amendment privilege against self-incrimination when called as a defense witness. Appellant's right to call witnesses in his defense under the Sixth Amendment "does not include the right to compel a witness to waive his [F]ifth [A]mendment privilege." *United States v. Edmond,* 52 F.3d 1080, 1109 (D.C.Cir.1995) (citation omitted).

Appellant's argument that 18 U.S.C. § 3231 was not properly enacted is without merit. In 1948, Congress conferred original jurisdiction on the district courts by passing 62 Stat. 826, which was codified at 18 U.S.C. § 3231. Appellant's argument that 21 U.S.C. § 841 only applies to licensed medical practitioners is also meritless. The statute applies to "any person." 21 U.S.C. § 841(a); *United States v. Moore,* 423 U.S. 122, 124–25, 131, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975) (holding that 21 U.S.C. § 841 prohibits "any person" from possessing with intent to distribute, manufacture, or dispense a controlled substance).

■ Although appellant argues, for the first time in his reply brief, that the government did not prove that he distributed drugs to a third party and that no expert verified Lonnell Glover's voice on tape recordings presented at trial, the court does not consider arguments raised for the first time in a reply brief. *See Goldring v. District of Columbia,* 416 F.3d 70, 77 n. 4 (D.C.Cir.2005).

Finally, appellant has not provided sufficient factual or legal development regarding his remaining claims. *See SEC v. Banner Fund Int'l,* 211 F.3d 602, 613 (D.C.Cir.2000) (holding this Court "will not address an 'asserted but unanalyzed' argument") (citation omitted). It is

**FURTHER ORDERED** that the motion to remove counsel be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.